IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DENISE A. REED                                                    PLAINTIFF

vs.                              Civil No. 2:17-cv-02020

NANCY A. BERRYHILL                                              DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Denise A. Reed ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and period of

disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 7.  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her disability applications on August 21, 2014.  (Tr. 13).  In these

applications, Plaintiff alleges being disabled due to tennis elbow (right), high blood pressure,

diabetes, and neuropathy in her feet.  (Tr. 252).  Plaintiff alleges an onset date of June 28, 2014.  (Tr.

13).  These applications were denied initially and again upon reconsideration.  (Tr. 101-122).

Plaintiff requested an administrative hearing on March 3, 2015.  (Tr. 13).  This hearing

request was granted, and Plaintiff's administrative hearing was held on July 1, 2015 in Fort Smith, Arkansas. (Tr. 74-100). At this hearing, Plaintiff was present and was represented by David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 80). As for her education, Plaintiff testified she completed high school. (Tr. 81).

On February 5, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability applications. (Tr. 10-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 28, 2014, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> Essential hypertension, diabetes mellitus with peripheral neuropathy, osteoarthritis, degenerative disc disease of the lumbar spine status post epidural steroid injections, chronic low back pain syndrome RLE and epicondylitis status post surgery (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). Specifically, the ALJ determined Plaintiff's PRW included work as a telephone solicitor. *Id.* Considering her RFC and other vocational factors, the ALJ determined Plaintiff retained the capacity to perform this PRW. (Tr. 20, Finding 6). As such, because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) at any time from June 28, 2014 through the date of his decision or through February 5, 2016. (Tr. 20, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 9). On January 13, 2017, the Appeals Council denied her request for review. *Id.* On February 2, 2017, Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal brief and have consented to the jurisdiction of this Court. ECF Nos. 7, 11-13. This case is now ready for decision.

**2.**    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

3

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.  **Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13 at 1-15. Specifically, Plaintiff argues the following: (1) the ALJ's RFC determination was improper; and (2) the ALJ's Step Four determination was improper. *Id.* With her first argument, Plaintiff also claims the ALJ erred in assessing her pain, including her pain from her carpal tunnel syndrome and in assessing her "complaints of pain that the Plaintiff has consistently throughout the medical records." ECF No. 13 at 13-14. Upon review, the Court finds the ALJ improperly assessed Plaintiff's subjective complaints of pain. Thus, the Court will only address Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 16-20). Instead, the ALJ based his credibility determination upon the fact Plaintiff's subjective complaints were not supported by her medical records:

After carefully considering the entire record in this matter, including the testimony of the claimant, the undersigned concludes that the claimant retains the residual functional capacity to perform "sedentary" work. The residual functional capacity assessment is supported by the *objective medical evidence* in the form of imaging that indicated the claimant had sustained a herniated disc at the L5-S1 level, but was expecting to undergo surgery. The residual functional capacity assessment is also supported by the evidence that showed the claimant's severe elbow pain was helped by the elbow surgery she underwent in October 2014, as evidenced by her lack of further complaints or treatment for her elbow pain. Finally, the residual functional capacity assessment is supported *by the findings of Doin Dahlke,* whose functional capacity evaluation revealed the claimant retained the ability to perform sedentary work.

(Tr. 19-20) (emphasis added).

Apart from these objective medical records, the ALJ did not provide a basis for discounting Plaintiff's subjective complaints. Such a finding was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of February 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE